

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No. 3:18-cr-458-MGL-1 |
| § | |
| § | |
| RONDELL LAKEVIS WAITERS, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION**

### I.   INTRODUCTION

Pending before the Court is Defendant Rondell Lakevis Waiters's (Waiters) motion for a sentence reduction. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Waiters pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

At sentencing, Waiters received a total offense level of thirty-one and seventeen criminal history points, which resulted in a criminal history category of VI. Together, this meant Waiters's Guideline range was 188 to 235 months. The Court sentenced him to 190 months of imprisonment, followed by three years of supervised release. He has a projected release date of October 8, 2031.

Waiters recently filed this motion for a sentence reduction. The government responded, but Waiters neglected to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III. STANDARD OF REVIEW

A court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In doing so, the Court must "consider[] the factors set forth in section 3553(a) [Section 3553(a)] to the extent that they are applicable" and determine whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As per the relevant policy statement:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

United States Sentencing Guidelines (U.S.S.G.) § 1B1.10(a)(2).

### IV. DISCUSSION AND ANALYSIS

#### A. *Whether Waiters is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2)*

Waiters first maintains he is entitled to a sentence reduction based upon Amendment 829 to the U.S.S.G. But, the effective date of Amendment 829 is November 1, 2024, and the United States Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not

2

retroactive."). The Court therefore concludes a sentence reduction is inconsistent with the policy statement and unauthorized by 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(A) (stating "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant"); *id.* § 1B1.10(d) (neglecting to list Amendment 829).

Waiters next contends he is entitled to a sentence reduction based upon an amendment to 18 U.S.C. § 924(e). He neglects, however, to expound upon this purported amendment, and the Court is unable to identify any notable differences in this provision from the date of judgment to the present. Accordingly, the Court determines a sentence reduction is unwarranted on this basis, as well.

   **B.** ***Whether the Section 3553(a) factors weigh in favor of a sentence reduction***

Even if the Court determined Amendment 829 and an alleged change to 18 U.S.C. § 924(e) applied here, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Waiters's sentence. *See* 18 U.S.C. § 3582(c)(2) (explaining the Court may grant relief only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes by the defendant;

   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for [the offense] . . . ;

(5)  any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Waiters, a convicted felon, pled guilty to a serious offense. After multiple sources reported he was selling narcotics out of a hotel room, law enforcement utilized a confidential information to conduct a controlled buy of heroin. As a result of the transaction, law enforcement procured an arrest warrant and search warrant for Waiters's hotel room. When Waiters was detained, he was discovered to be in possession of heroin, pills, crack cocaine, marijuana, and an unspecified amount of United States currency. And, a search of the hotel room revealed two pistols, one of which Waiters received as collateral payment for a heroin sale, loaded with a total of twenty-two rounds of ammunition.

  Moreover, Waiters has an extensive criminal history, including convictions for simple possession of marijuana, breach of peace, entry on another's land after notice, contributing to the delinquency of a minor, driving under suspension, failure to maintain proof of vehicle insurance, disregarding a stop sign, possession with intent to distribute cocaine, distribution of crack cocaine, possession with intent to distribute crack cocaine, failure to stop for a blue light, giving false information to law enforcement or first responders, reckless driving, and shoplifting. Indeed, such

convictions resulted in the Court designating Waiters as an armed career criminal and assigning him a criminal history category of VI at sentencing.

Waiters's 190-month sentence is also at the very bottom of his Guidelines range of 188 to 235 months, and it fails to create any unwarranted disparities among similarly situated defendants.

Thus, upon balancing the Section 3553(a) factors, the Court finds Waiters is unentitled to a sentence reduction.  His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case.  The Court will therefore deny his motion.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Waiters's motion for a sentence reduction, ECF No. 79, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 28th day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
